Whitaker, Judge,
delivered the opinion of the court:
The plaintiff alleges in its petition that a certain payment made by the duly authorized delegates of the Creek Nation to Samuel J. Crawford on a contract for attorney’s fees, which had not been approved by the Commissioner of Indian Affairs, was in violation of section 2103 of the Revised Statutes of the United State, and that the defendant is, therefore, liable to it, because it had “failed and neglected to institute suit for the benefit of said Nation to recover said sum * * *, in disregard of its duty as trustee.”
The payment was made pursuant to an agreement between the parties, ratified by both the National Council of the plaintiff and by the Congress, and was paid in exact accord with the agreement and the acts of ratification and the requests of the plaintiff made pursuant thereto. The agreement made between the representatives of the plaintiff and of the defendant provided for the payment of $2,280,857.10 for lands ceded the defendant, and of this amount, it provided, “two hundred and eighty thousand eight hundred and fifty-seven dollars and ten cents shall be paid to the national treas *10 urer of said Muscogee (or Creek) Nation, or to such other person as shall be duly authorized to receive the same.” In ratifying this agreement Congress said:
That the Secretary of the Treasury is hereby authorized and directed to pay, out of the appropriation hereby made, the sum of two hundred and eighty thousand eight hundred and fifty-seven dollars and ten cents, to the national treasurer of said Muscogee (or Creek) Nation, or to such person as shall be duly authorized to receive the same, * * *.
This is in strict compliance with the agreement.
The act of the National Council of the Creek Nation provides:
* * * the said amount which is to be paid in money, to be paid over in such sums and at such times and places as may be required, directly to the National Treasurer of the Muskogee Nation, or to such officer or other person or1 persons as shall be named in the requisition of the proper authorities of the Muskogee Nation; * * *
and on the same day another act was passed providing that the Principal Chief of the Creek Nation was authorized and directed to make requisition—
* * * for the payment to Pleasant Porter, David M. Hodge, and Esparhecher * * * of the sum of ten percent of the additional price of the lands ceded to the United States by the treaty of 1886 * * * The same to be paid in such sums and at such times and places as shall be requested by said delegates * * *.
Pursuant thereto, on March 12, 1889, the Principal Chief of the Creek Nation made the requisition called for, and the money was paid as requested.
How it is possible for liability to have been incurred by the defendant for having followed to the letter the provisions of the agreement and of the acts of the legislative bodies of the two parties ratifying the agreement, is beyond our comprehension. Certainly section 2103 of the Revised Statutes creates no such liability. This act vests no right in any Indian tribe. It does not even direct the defendant to institute suits for the recovery of money paid out *11 under a contract entered into in violation of its provisions. It merely permits the use of the name of the United States in a suit brought by some private party to recover such sums. Such a suit was in fact brought, and it was decided adversely to the plaintiff.
The money was paid to the plaintiff’s representatives in strict accord with the agreement and without any restrictions as to what they should do with it. It was paid to Samuel J. Crawford or on his order, not by the defendant, but by plaintiff’s representatives, and they, it may be said, in so doing, were acting according to instructions of the National Council of the Nation.
There is no merit in plaintiff’s petition, and it will therefore be dismissed. It is so ordered.
LittletoN, Judge; Green, Judge; and Whaley, Chief Justice, concur.